UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN PIERSON AND JOHN CURTIS RICE,<br><br>                              Plaintiffs,<br><br>    - against -<br><br>GANNETT COMPANY, INC.<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Kristen Pierson ("Pierson") and John Curtis Rice ("Rice") and all together ("Plaintiffs") by and through their undersigned counsel, as and for their Complaint against Defendant Gannett Company, Inc., ("Gannett" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of mini chocolate frosted cupcakes owned and registered by Pierson, a Rhode Island based photojournalist, and John Curtis Rice, a New York based photojournalist. Accordingly, Plaintiffs seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Pierson is a professional photographer who specialized in food, portrait, and wedding photography and is in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 8 Nichole Lane, Coventry, Rhode Island, 02816.

6. Rice is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 777 Kappock Street, Bronx, New York 10463. Rice's photographs have appeared in many publications around the United States.

7. Upon information and belief, Gannett is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 7950 Jones Branch Drive, McLean, Virginia 22108. At all times material hereto, Gannett has owned and operated a website at the URL: jsonline.nimbledeals.com and College.USAToday.com (the "Website")

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

8. Pierson photographed a group of mini chocolate frosted cupcakes (the "Pierson Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Pierson then published the Photograph on her website. A true and correct copy of the Pierson Photograph on her website is attached hereto as Exhibit B.

10.     Pierson is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11.     The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 1-952-240.

12.     On or about May 14, 2016, Nayla Kidd, an engineering student at Columbia University went missing. Her disappearance went viral with police on a manhunt to find her. Nayla skipped her college exams, changed her bank account, got another phone number, and deleted her Facebook account. About two weeks later Nayla was found healthy. She stated that she needed a break from her high pressured Ivy League education and wanted a fresh start. The story was not only heavy covered by the press in New York but it was also covered nationally around the United States.

13.     On or about May 29, 2016, Rice photographed Nayla Kidd next to one of her missing student posters (the "Rice Photograph"). A true and correct copy of the Rice Photograph is attached hereto as Exhibit C.

14.     Rice then licensed the Photograph to the New York Post. On May 29, 2016, the New York Post ran an article that featured the Photograph on its web edition entitled *Why I Had to Escape my Ivy League Life and Disappear*. See http://nypost.com/2016/05/29/why-i-had-to-escape-my-ivy-league-life-and-disappear/. Rice's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article is attached hereto as Exhibit D.

15.     Rice is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

16. The Photograph was registered with the United States Copyright Office and was given Copyright Registration Number VA 2-006-861.

17. All together the Pierson and Rice Photographs are the "Photographs".

**B.     Defendant's Infringing Activities**

18. Upon information and belief, Defendant copied and then published the Pierson Photograph on the Website to sell cupcakes. See http://jsonline.nimbledeals.com/deal/milwaukee/15-for-30-worth-of-delicious-quality-cupcakes-1. Upon information and belief, Defendant is responsible for posting photographs on the Website. A true and correct copy of the Photograph on the Website is attached hereto as Exhibit E.

19. Defendant did not license the Pierson Photograph from Plaintiff for its Website, nor did Defendant have Plaintiff's permission or consent to publish the Pierson Photograph on its Website.

20. Upon information and belief, Defendant removed Pierson's watermark on the Pierson Photograph and did not attribute the Photograph to anyone.

21. Upon information and belief, on June 5, 2016, Defendant ran an article on the Website entitled *Voices: It's OK to empathize with Nayla Kidd while questioning her methods* See http://college.usatoday.com/author/aev2125/. The article prominently featured the Rice Photograph. A true and correct copy of the Photograph on the Website is attached hereto as Exhibit F.

22. Defendant did not license the Rice Photograph from Plaintiff for its Website, nor did Defendant have Plaintiff's permission or consent to publish the Rice Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST GANNETT)**
**(17 U.S.C. §§ 106, 501)**

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. Defendant infringed Plaintiffs copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Gannett is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

25. The acts of Defendant complained of herein constitute infringement of Plaintiffs copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Upon information and belief, the foregoing acts of infringement by Gannett have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs rights.

27. As a direct and proximate cause of the infringement by the Defendant of Plaintiffs copyright and exclusive rights under copyright, Plaintiffs are entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

28. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST GANNETT**
**(17 U.S.C. § 1202)**

29. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-28 above.

30. When the Photograph was published on Pierson's website, the Photograph contained copyright management information under 17 U.S.C. § 1202(b).

31. Upon information and belief, on its Website, Gannett intentionally and knowingly removed the watermark identifying Pierson as the photographer of the Photograph.

32. The conduct of Gannett violates 17 U.S.C. § 1202(b).

33. Upon information and belief, Gannett's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Pierson.

34. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Gannett intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Pierson's copyright in the Pierson Photograph. Gannett also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Pierson's copyright in the Pierson Photograph.

35. As a result of the wrongful conduct of Gannett as alleged herein, Pierson is entitled to recover from Gannett the damages, that she sustained and will sustain, and any gains, profits and advantages obtained by Gannett because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

36. Alternatively, Pierson may elect to recover from Gannett statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Gannett be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Gannett be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504.

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 16, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiffs Kristen Pierson and John Curtis Rice*